It is further stipulated and agreed that there are no higher foreign values for the merchandise in suit.

The reappraisements listed in said schedule A are submitted for decision upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered and appraised values.

Judgment will be rendered accordingly.

MEADOWS WYE & CO., INC. *v.* UNITED STATES

**No. 6918.**—Invoice dated Birmingham, England, February 27, 1946.
Certified February 28, 1946.
Entered at New York, N. Y., March 28, 1946.
Entry No. 747966.

(Decided February 24, 1947)

*Jordan & Klingaman* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values, less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

OVIATT'S *v.* UNITED STATES

**No. 6919.**—Invoice dated London, England, January 15, 1941.
Certified January 17, 1941.
Entered at Los Angeles, Calif., April 5, 1941.
Entry No. 5074.

(Decided February 26, 1947)

*Lawrence, Tuttle & Harper* (*Frank L. Lawrence* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered values.

Judgment will be rendered accordingly.